*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0394P (6th Cir.)
File Name: 03a0394p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-6172

DENNIS J. COOPER,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00015—Joseph M. Hood, District Judge.

Submitted: September 18, 2003

Decided and Filed: November 5, 2003

Before: MARTIN and SUTTON, Circuit Judges; MILLS,
District Judge.[*]

---

### COUNSEL

**ON BRIEF:** John K. West, McCOY, WEST, FRANKLIN
& BEAL, Lexington, Kentucky, for Appellant. Charles P.

---

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

---

### OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Dennis J. Cooper, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Cooper was indicted by a grand jury on one count of possessing child pornography. When questions arose concerning Cooper's mental health, the district court ordered a psychiatric evaluation and subsequently found that Cooper was competent to stand trial. On February 11, 2002, Cooper waived his right to a trial and pleaded guilty as charged, pursuant to a written plea agreement. The presentence investigation report calculated Cooper's offense level as sixteen, his criminal history category as I, and the resulting guidelines range of imprisonment as twenty-one to twenty-seven months. Defense counsel filed no objections to these calculations, but did move for a downward departure based on diminished capacity pursuant to section 5K2.13 of the Sentencing Guidelines. Although a new psychiatric evaluation revealed that Cooper suffered from major depressive disorder and functioned at a borderline intellectual level, the evaluating team nonetheless concluded that Cooper did not suffer from diminished capacity as defined by the guideline. The district court considered the report at sentencing, denied the downward departure motion, and sentenced Cooper at the high end of the range to twenty-seven months in prison. The judgment was filed on September 16, 2002, and was entered September 17, 2002.

Section 5K2.13 provides, in pertinent part:

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. . . .

USSG § 5K2.13. "Significantly reduced mental capacity" is defined in the commentary regarding section 5K2.13 as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

As a general rule, a district court's refusal to grant a downward departure, whether pursuant to section 5K2.13 or another guideline, is unreviewable on appeal unless the district court (1) improperly computed the guideline range; (2) was unaware of its discretion to depart downward from the guideline range; or (3) imposed the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines. *See United States v. Price*, 258 F.3d 539, 547-48 (6th Cir. 2001).

Cooper's primary argument is that appellate review is appropriate because the district court was unaware of its discretion to grant a downward departure in this case. The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *See United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.

1998); *see also United States v. Owusu*, 199 F.3d 329, 349 (6th Cir. 2000). Furthermore, we will presume that the district court did understand its discretion in the absence of any evidence to the contrary in the record. *See United States v. Ford*, 184 F.3d 566, 585 (6th Cir. 1999). According to the record, the district court ordered Cooper to undergo a psychiatric and psychological examination at the Federal Correctional Institution in Butner, North Carolina, in order to determine, among other things, whether he suffered from diminished capacity at the time of his offense. The results of the examination indicated that he did not suffer from diminished capacity. The transcript from the sentencing hearing clearly reveals that the district court considered Cooper's argument but concluded, based upon the test results, that a downward departure based upon diminished capacity was unwarranted: "I have . . . received a copy of the report from Butner, and in that report the conclusion is that Mr. Cooper does not suffer from a diminished capacity. So whether [the downward departure] is warranted or not – I don't think it is because, because of that finding by the staff at Butner."

Under these circumstances, we must conclude that the district court was aware of its discretion to grant a downward departure for diminished capacity but determined that the facts of the case did not justify such a departure. Therefore, the district court's refusal to grant the downward departure is unreviewable on appeal.

Cooper also suggests that the district court improperly applied subsections (2) and (3) of section 5K2.13, which provide that even if the defendant suffered from diminished capacity at the time of the offense, the court should not grant a downward departure on that basis if it finds a need to "protect the public." Subsections (2) and (3) do not come into play unless the court finds that the defendant suffered from diminished capacity at the time of the offense. Because the district court concluded that Cooper did not suffer from diminished capacity, its determinations regarding the need to

protect the public are irrelevant.  Therefore, we decline to consider Cooper's argument that the district court improperly applied subsections (2) and (3) of section 5K2.13.

Accordingly, the district court's judgment is affirmed.